ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 MAY -5 AM 4: 28

CLERK
SO. DIST OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WARREN SKILLERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-47 |
| ) | |
| HUGH SMITH, Warden, et. al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Georgia State Prison, has submitted a document purporting to be a petition for habeas corpus. This petition, however, does not challenge his convictions. Instead, plaintiff's pleading challenges the conditions of his confinement and is properly characterized as a civil action under 42 U.S.C. § 1983. Gomez v. United States, 899 F.2d 1124, 1125-26 (11th Cir. 1990). This civil action is unaccompanied by a filing fee, but plaintiff does request to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff here is a frequent filer in federal courts, having instituted at least fifty-four various actions in the Northern and Southern Districts of Georgia since 2001.[1] At least three of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of

---

[1] Plaintiff originally filed his many suits in the Northern District. In 2003, the Northern District sought to quell his seemingly endless frivolous filings by instituting a filing ban. Skillern v. Becky Tierce, CV 202-0106-RWS, doc. 102, p. 5 (N.D. Ga. Oct. 22, 2003). While plaintiff continues to file actions in the Northern District, he has burdened this Court with thirteen new cases since late 2003.

prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant.[2] See Skillern v. Tierce, No. 03-11529-B (11th Cir. Sept. 22, 2003) (dismissing appeal as frivolous); Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (dismissing appeal as frivolous); Skillern v. Ga. Dep't of Corr., CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissing for failure to state a claim); see also Skillern v. Paul, CV606-6, doc. 4 (S.D. Ga. Jan. 17, 2006) (recommending dismissal of case based on three strikes provision). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's complaint must be dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint alleges various shortcomings related to his confinement, including poor quality food, restrictions on the number of complaints a prisoner may file, having to shave with a dull razor, insufficient legal correspondence material, and

---

[2]To underscore the volume of plaintiff's complaints, the Court notes that plaintiff has had at least twelve § 1983 cases dismissed as frivolous and at least fifteen dismissed pursuant to § 1915(g) since 2002 in the Northern and Southern Districts of Georgia.

other violations of the Standard Operating Procedure for Georgia prisons. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to prepay the complete filing fee pursuant to § 1915(g) as a condition to proceeding with this action.

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees in **DENIED** and plaintiff's complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint, accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 4th day of May, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA